**STATE of Texas, Appellant,**

v.

**Eduardo GALLEGOS, Appellee.**

**No. 04–91–00284–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1992.

**776**

Edel P. Ruiseco, Corpus Christi, Charles G. Childress, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellant.

Armando Trevino, Ramos–Trevino, Laredo, for appellee.

Before BUTTS, GARCIA and PRESTON H. DIAL, JJ.

## OPINION

PRESTON H. DIAL, Assigned Justice.[1]

This is an appeal from an award of attorney's fees in a paternity suit. We will sustain point of error number four and reverse and render a take-nothing judgment.

The Child Support Enforcement Division of the Attorney General's Office filed a suit seeking to establish that the appellee Eduardo Gallegos was the father of two named children. Gallegos filed a general denial and special exceptions. The court entered an order for paternity testing, the results of which excluded Gallegos as the possible biological father.

On November 29, 1990, the State filed a motion to dismiss its petition. On the same date, Gallegos's attorney filed a motion for attorney's fees which was set for hearing on January 3, 1991.

On December 4, 1990, the court entered an order dismissing the State's petition "with prejudice as to Eduardo Gallegos."

On January 3, 1991, the court held a hearing on the motion for attorney's fees. At the conclusion of the hearing, the motion was not ruled upon. The court, however, gave the appellee ten days to file a brief on the question. On February 15, 1991, the trial court signed an instrument denominated "JUDGMENT," which awarded $1,500.00 in attorney's fees to appellee Gallegos.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

We view the court's order of December 4, 1990, as a final order terminating the law suit. *See* TEX.R.CIV.P. 162 & 163. Rule 162 notes that a dismissal under that rule shall have no effect on any motion for attorney's fees pending at the time of the dismissal.

The hearing on the motion for attorney's fees on January 3, 1991, was within the 30 day period of plenary power of the trial court following the entry of the final order terminating the law suit. No motion for new trial or motion to modify, correct, or reform the December 4, 1990 judgment, which would have extended the period of plenary power longer than 30 days, was filed in this suit. The hearing on January 3, 1991, where the motion for attorney's fees was not ruled upon, was the last day of plenary power of the trial court. Any action taken after that day would be after the expiration of the trial court's jurisdiction.

Accordingly, we hold that the judgment of the trial court for attorney's fees entered on February 15, 1991, was erroneous because the jurisdiction of the court had expired. We reverse the judgment of the trial court and render judgment that the appellee Eduardo Gallegos take nothing.

GOV'T CODE ANN. § 74.003(b) (Vernon 1988).